**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **Allen Crispin Fuentes**<br><br>         **Plaintiff,**<br><br>**v.**<br><br>**Richard Roundtree, Former Sheriff of Richmond County in his official capacity;**<br><br>**Eugene Brantley, Sheriff of Richmond County in his official capacity;**<br><br>**Sgt. Ty Hester in his individual and official capacity;**<br><br>**Inv. Walter McNeil in his individual and official capacity;**<br><br>         **Defendants.** | Civil Action No.: \_\_\_CV 125-064_____<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

COMES NOW Plaintiff, Allen Crispin Fuentes ("Plaintiff"), by and through undersigned counsel, and files this Complaint against the above-captioned Defendants. This action is brought to recover damages and to enjoin and declare unconstitutional violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and related state laws.

**JURISDICTION AND VENUE**

1.    This action arises under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985. Jurisdiction is conferred under 28 U.S.C. §§ 1331 and 1343, as this suit seeks to redress deprivations of Plaintiff's rights, privileges, and immunities secured by the U.S. Constitution and federal law.

2.    This Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in and conduct business in this District, and all events giving rise to Plaintiff's claims occurred within this District.

4.    This action is timely commenced as Plaintiff was arrested on March 25, 2023.

5.    This action is timely commenced as Plaintiff case resulted in a not guilty verdict on July 25, 2025.

6.    Plaintiff sent notice to the sheriff's office prior to filing suit of the claims alleged herein.

**PARTIES**

7.    Plaintiff Allen Crispin Fuentes is a citizen of the United States and domiciled in the State of South Carolina.

8.    Defendant Richard Roundtree was at all times relevant hereto the Sheriff of Richmond County, Georgia, and is sued in his official capacity.

9.    Subsequent to the events that comprise this complaint, Defendant Eugene Brantley was elected Sheriff of Richmond County, Georgia, and is sued in his official capacity.

10.    Defendant Sgt. Ty Hester is a Sergeant with the Richmond County Sheriff's Office and is sued in his individual and official capacity and has been promoted since this incident.

11.    Defendant Walter McNeil with Richmond County Internal Affairs Office at all times relevant hereto is  a member of the Richmond County Sheriff's Office and is sued in his individual and official capacity.

12.     Upon information and belief, all Defendants are residents of Georgia and acted under color of state law at all relevant times.

## FACTUAL ALLEGATIONS

13.     On or about March 25, 2023, Plaintiff attended the Spring Latin Fest at the Augusta Common, 836 Reynolds Street, Augusta, Georgia, with his wife, Elise Crispin, their children and his brother.

14.     While at the event, Plaintiff observed an adult male slap a small, crying baby in a stroller.

15.     The slap was with abusive force.

16.     Plaintiff  could see that the mother was upset.

17.     Plaintiff who was a POST certified police officer with Burke County that worked in a unit focused on crimes against children, was upset and wanted to report it to the police for the protection of the baby and the mother.

18.     Plaintiff was not in uniform or in his jurisdiction of Burke County so he could not personally handle the matter or approach the man who slapped the baby.

19.     Plaintiff left his family and walked over to Defendant Sgt. Ty Hester, an employee of the Richmond County Sheriff's Office who was working a special security assignment for the event.

20.     Defendant Hester was in uniform and was on duty.

21.     Plaintiff reported to Defendant Hester the incident of the adult male slapping a small baby in a stroller.

22.     Defendant Hester acknowledged seeing the couple walking away after the slap but did nothing further.

23. Plaintiff asked Defendant Hester if he was going to do anything about his report of an adult slapping a small baby in a stroller but Defendant Hester dismissed Plaintiff's concerns.

24. Upset about the lack of a response, Plaintiff gathered up his family and began to leave the event crossing the street at the Augusta Common.

25. While leaving, Plaintiff asked for the name and badge number for Defendant Hester because he wanted to report his failure to take action to protect the child and the report of a crime.

26. Defendant Hester put his hand out to him and the Plaintiff told Defendant Hester, "You're sorry as f*** [for not doing anything about it]."

27. Prior to the festival being over, Defendant Hester and Plaintiff exchanged words as Plaintiff was walking away across the street to his car with his family.

28. Defendant Hester told Plaintiff if he said anything else he would arrest him.

29. Plaintiff did not threaten Defendant Hester.

30. Plaintiff did not hit Defendant Hester.

31. There were no complaints by citizens about Plaintiff to anyone.

32. Defendant Hester came across the street after him and got in Plaintiff's face due to the Plaintiff cussing and criticizing him.

33. Defendant Hester arrested Plaintiff across the street from the commons and charged him with disorderly conduct.

34. Defendant Hester stated he arrested Plaintiff for his attitude.

35. On the citation, Defendant Hester wrote that he arrested him for being loud and "cussing" and intoxication. (Citation, attached hereto as Ex. 1).

36. The citation that Defendant Hester gave to Plaintiff as the notice of the charges against him did not have intoxication on it.

37.     Plaintiff's arrest was without probable cause, as his speech was protected under the First Amendment. *Cunningham v. State*, 260 Ga. 827, 400 S.E.2d 916 (1991); *Hess v. Indiana*, 414 U.S. 105, 94 S. Ct. 326, 38 L.Ed.2d 303 (1973); *City of Houston v. Hill*, 482 U.S. 451 (1987). *Beck v. Ohio*, 379 U.S. 89 (1964)**.**

38.     Defendant Hester's action in seizing Plaintiff and charging him with disorderly conduct was retaliatory in that he arrested Plaintiff and charged him with disorderly conduct for cussing and criticizing his inaction.

39.     Cussing is not a crime and is protected by the First Amendment.

40.     Defendant Hester's criticism of Hester's failure to act on a report of abuse of a child is protected by the First Amendment.

41.     Plaintiff was handcuffed and detained in the presence of his wife and children, causing him humiliation, emotional distress, and physical hurt to his hands and discomfort.

42.     Defendant Hester further retaliated against Plaintiff by placing the handcuffs on Plaintiff too tightly, causing unnecessary pain and discomfort.

43.     Defendant Hester failed to double-lock the handcuffs  as is department policy.

44.     Defendant Hester was aware that failure to double lock handcuffs can cause a risk of injury.

45.     Defendant Hester failed to comply with the Richmond County Policy regarding the placement of handcuffs on citizens.

46.     Without being double locked, the handcuffs tightened further and hurt Plaintiff's hands and wrist causing damage.

47.     Defendant Hester positioned Plaintiff's hands and wrists in an atypical and uncomfortable manner within the cuffs, causing additional discomfort.

48.     Defendant Hester's actions were taken maliciously and with the intent to cause pain to Plaintiff due to his protected speech, amounting to unnecessary and excessive force.

49.     Defendant Hester falsely noted on the citation that Plaintiff was intoxicated.

50.     There was no evidence that Plaintiff smelled like alcohol.

51.     There was no evidence that Plaintiff was drinking alcohol.

52.     Plaintiff had drank no alcohol at the festival.

53.     Plaintiff demanded a jury trial, which resulted in a "not guilty" verdict.

54.     At the two-day trial,  Defendant Hester produced no evidence of intoxication to support writing the words on a citation of an arrest of an officer of the law which damaged his reputation and career.

55.     Defendant Hester's  claim that Plaintiff was intoxicated was fabricated.

56.     Defendant Hester's claim that Plaintiff was intoxicated was a further act of retaliation, which defamed Plaintiff as a law-abiding citizen.

57.     Defendant Hester's claim on the citation that Plaintiff was intoxicated was a further act of retaliation, which defamed Plaintiff in his career as he was POST certified and actively serving law enforcement officer in Burke County.

58.     Defendant Hester's claim that he asked the Plaintiff to leave multiple times was fabricated.

59.     Defendant Hester was working a special at a public event in Augusta and he had no right to tell Plaintiff to leave for calling him sorry as F—- or a sorry MF which is not a crime.

60.     Plaintiff was already leaving when Defendant Hester came after him and blocked his way across the street from the Augusta Common.

61.     Defendant Hester escalated the situation by following the Plaintiff as he was leaving because he was upset that Plaintiff had called him sorry as F— and a sorry MF for his failure as an officer of the law to act on a report of child abuse.

62.     After the exchange between Defendant Hester and Plaintiff, Plaintiff's wife recorded the incident using her cellphone as she asked why her husband was being arrested.

63.     Defendant Hester stated he arrested Plaintiff for being aggressive which is not reasonable to believe there was probable cause or reasonable suspicion to take Plaintiff's freedom away and arrest him.

64.     It was posted on social media that the whole incident was recorded.

65.     On May 10, 2023, in a further act of retaliation, agents of the Richmond County Sheriff's Office, including Defendant McNeil and deputies Aljabari and Brabazon, went to Plaintiff's wife's job, and seized her phone with a warrant that was facially invalid without limitation in time or scope. (Warrant, attached hereto as Ex. 2)

66.     The search warrant for Mrs. Crispin's phone was secured and served at the direction of Defendant Hester.

67.     The warrant application to search Mrs. Crispin's cell phone was applied for and secured by Defendant Hester, but he testified that Seargent McNeil obtained the search warrant; Defendant Hester claimed that he did not apply for the search warrant.

68.     The warrant application to search Mrs. Crispin's cell phone was signed by Defendant McNeil.

69.     Defendant McNeil testified that Defendant Hester is the person who got the search warrant signed by the judge and that he just served it.

70. The warrant application to search Mrs. Crispin's cell phone was not limited in time or scope and just said for crime of disorderly conduct. Mrs. Crispin was not charged with any crime.

71. Mrs. Crispin called Plaintiff when the officers appeared at her job in distress.

72. Plaintiff and Mrs. Crispin offered to give the officers the video without seizing her phone.

73. At the request of Defendant Hester, the officers seized her phone anyway and dumped the entire contents of Mrs. Crispin's phone, which included virtually all of Plaintiff's personal and family life.

74. The dump of Mrs. Crispin's phone at the request of Defendant Hester with a warrant signed by Defendant McNeil of the Richmond County Sheriff's Office included Plaintiff's financial and personal records, his relationship with his children and wife, and very personal matters that were not related in any way to the incident that occurred on March 25, 2025.

75. During the unlawful search of the cell phone, Defendants accessed personal information belonging to Plaintiff, Mrs. Crispin and their family members, without any limitation in scope or time.

76. The use of warrants that are not limited in time or scope is a practice and policy of the Richmond County Sheriff's office which violates the Fourth Amendment.

77. The search of the cellphone was part of a retaliatory effort by Defendants to intimidate Plaintiff and his wife, discourage complaints against Defendant Hester, and punish Plaintiff for his protected speech of criticizing an officer.

78. Defendants failed to file a proper return of the search warrant in compliance with Georgia law, demonstrating a pattern of overbroad and unconstitutional searches.

79.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered physical harm to his hands and wrist, mental and emotional distress due to being booked, handcuffed, arrested and taken to the Richmond County jail while being a POST certified officer, harm to his reputation, career, business resulting in economic damages, and other injuries.

## CLAIMS FOR RELIEF

### Count I: Fourth Amendment Violation (Unlawful Search and Seizure) pursuant to 42 U.S.C. §1983

80.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 79 as if fully stated herein.

81.    Defendant Hester arrested Plaintiff and charged him with disorderly conduct for cursing which he put on the citation along with "intoxication" which was a violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

82.    Defendant Hester, while acting under the color of the law, violated Plaintiff's constitutional rights by seizing, arresting, and charging him without probable cause or even reasonable suspicion that Plaintiff had committed a crime when he criticized Defendant Hester's failure to act on Plaintiff's report of a slap to a baby.

83.    Defendant Hester's actions violated clearly established constitutional rights guaranteed to Plaintiff by the Fourth Amendment and Fourteenth Amendment of the United States Constitution and Georgia Constitution to be free from unreasonable searches and seizures.

84.    Defendant Hester's actions were not taken in good-faith but in retaliation for protected activity by Plaintiff and were in violation of clearly established law.

85.    Defendant Hester's arrest of Plaintiff for cursing violates the constitution and Plaintiff's right to free speech.

86.     Defendant Hester's false assertion that Plaintiff was intoxicated on the citation demonstrates a reckless disregard for the truth and a deliberate attempt to justify an unlawful arrest.

87.     Defendant Roundtree is liable in his official capacity for maintaining policies, customs, and practices that allow his officers to arrest citizens without probable cause and for exercising their constitutional right to criticize the police.

88.     Defendant Brantley is liable in his official capacity for maintaining policies, customs, and practices that allow his officers to arrest citizens without probable cause or even reasonable suspicion and for exercising their constitutional right to criticize the police.

89.     Defendants' actions show a reckless and deliberate indifference for the law and safety of the Plaintiff and the safety of all residents and visitors to Richmond County.

**Count II: Fourth Amendment Violation (Excessive Force) pursuant to 42 U.S.C. §1983**

90.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-79, as if fully set forth herein.

91.     Plaintiff had a clearly established Fourth and Fourteenth Amendment right to be free from the use of excessive force.

92.     The force used against him was not required or objectively reasonable.

93.     As Plaintiff had not committed a crime and there was no probable cause or even reasonable suspicion that Plaintiff had committed a crime for cussing and criticizing the officer, any use of force by Defendant Hester or at the direction of Defendant Hester against him during the course of Plaintiff's arrest was excessive.

94.     Defendant Hester's deliberate placement of the handcuffs too tightly, failure to double-lock them, and manipulation of Plaintiff's wrists into an atypical position constituted excessive force under the Fourth Amendment.

95.    Defendant Hester's actions were unnecessary, objectively unreasonable, unlawful, unjustified, and were intended to cause Plaintiff additional pain, discomfort, and humiliation.

96.    Plaintiff did not attempt to fight or hurt anyone and his cuss words after he was unlawfully arrested did not justify the excessive force.

97.    As a direct and proximate result of the Defendants' unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of his freedom, payment of bail money, attorney fees for the trial, costs associated with the trial, medical bills, monetary damages, severe emotional distress, mental anguish, embarrassment, humiliation, fear, and physical pain and suffering.

98.    Defendant Hester's intentional and egregious actions warrant an award of punitive damages to the fullest extent permitted by law. *Smith v. Wade*, 461 U.S. 30 (1983).

**<u>Count III: First Amendment Retaliation pursuant to 42 U.S.C. §1983</u>**

99.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 79 as if fully stated herein.

100.    The Fourth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, protects the rights of the people to be free from unreasonable seizures and arrests without probable cause.

101.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prevents the government from abridging citizens freedoms of speech and protects the right of free expression and free speech.

102.    The First Amendment protects a wide range of expression including the right to criticize the government and cussing is not a crime.

103.    It is clearly established that the State cannot retaliate against a citizen for expressing their opinions, beliefs, or ideas even if they are offensive in response to government action or inaction in this case.

104.    Plaintiff engaged in protected speech by criticizing Defendant Hester's failure to protect a child by taking action on his report of an adult slapping a baby in a stroller in public.

105.    Defendant Hester arrested Plaintiff in retaliation for his protected speech of cussing and telling him he was "sorry as f—-" , a sorry MF violating Plaintiff's First Amendment rights.

106.    Defendant Hester arrested Plaintiff as he was walking away to leave with his family.

107.    Plaintiff had not committed any crime while attending the festival or as he was leaving with his family.

108.    Plaintiff's actions of cussing, **after** he was illegally arrested and placed in handcuffs, do not constitute the crime of disorderly conduct to support his arrest.

109.    It is clearly established that a citizen has the right to protest an illegal search and seizure.

110.    Defendant Roundtree is liable in his official capacity for failing to train and supervise deputies to prevent retaliation against protected speech.

111.    Throughout the above occurrences, Plaintiff was exercising rights guaranteed by the first amendment to the Constitution of the United States.

112.    Defendant Hester's actions, including excessive force and false statements about intoxication, were further retaliatory measures against Plaintiff's protected speech criticizing Defendant Hester's inaction.

113.    The fabrication of intoxication on the citation was part of an effort to intimidate Plaintiff and to attempt to provide support for an unlawful arrest.

114.    There was no legal basis to support Defendant Hester putting appeared intoxicated on a public citation especially when the person being arrested is a current officer of the law.

115.    Defendant Hester did not see Plaintiff with alcohol.

116.    Defendant Hester did not smell alcohol on Plaintiff.

117.    Plaintiff was at the festival with his family and had consumed no alcohol.

118.    According to the Richmond County policy, Defendant Hester was supposed to have his video camera on and working during encounters with the public.

119.    Defendant Hester testified at trial that the video recorder could not be produced because Defendant Hester testified that it did not record the incident due to a malfunction.

120.    Had Defendant Hester's video recording been produced it would have shown the entire encounter between Defendant Hester and Plaintiff  that led to his unlawful seizure and charge of disorderly conduct.

121.    The Defendants secured a search warrant for Plaintiff's wife's phone illegally in order to ensure that she had not captured the entire incident before writing the report about the incident involving the arrest of Plaintiff, a Burke County, police officer for cussing.

122.    Defendants' actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner in arresting another officer from another county, Burke County.

123.    Upon information and belief, citizens, especially those who are not police officers have been and are continuing to be arrested unconstitutionally for simply questioning officers of Richmond County and being made to defend themselves in criminal court.

124.    The actions of the defendants, their agents, and employees described above in this cause of action were willfully and maliciously designed to and had the effect of chilling, deterring, preventing, and inhibiting Plaintiff and others from the free exercise protected speech, petition, assembly, and association under the first amendment of the Constitution of the United States and directly interfered with the exercise of those rights.

125.    The malicious actions of the defendants, their agents, and employees described above in this cause of action violated plaintiffs' rights under the First, Fourth, and Fourteenth amendments to the Constitution of the United States.

126.    As a result, Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to physical damages, mental and emotional distress, impairment of reputation, personal humiliation, attorneys' fees and costs, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

### Count IV: Civil Conspiracy pursuant to 42 U.S.C. §1983 and §1985

127.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 79 as if fully stated herein.

128.    Defendants, acting in concert, agreed and conspired to deprive Plaintiff of his constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

129.    The conspiracy included, but was not limited to, the unlawful and retaliatory arrest of Plaintiff, the fabrication of false accusations of intoxication, the excessive use of force, the unconstitutional seizure and search of Plaintiff's wife's cell phone, and the false testimony

provided by Defendants Hester, McNeil, and other deputies in support of Plaintiff's wrongful prosecution.

130. Defendants Hester and McNeil reached an understanding, either explicit or implicit, to take coordinated actions against Plaintiff in retaliation for his protected speech and to prevent exposure of misconduct by the Richmond County Sheriff's Office.

131. Defendants took overt acts in furtherance of the conspiracy, including:

a. The unlawful arrest of Plaintiff for protected speech;

b. The knowingly false notation of intoxication on the citation;

c. The misuse of legal process to obtain and search Plaintiff's wife's cellphone without a valid and constitutionally compliant warrant;

d. The suppression, destruction or failure to preserve exculpatory evidence, including Defendant Hester's bodycam footage.

132. Defendants acted with the intent to injure, harass, and retaliate against Plaintiff, depriving him of his federally protected rights to be free from unreasonable search of seizures, and protected right to criticize the government.

133. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered significant damages, including reputational harm, emotional distress, physical injury, and economic damages.

134. The actions of Defendants were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, warranting an award of punitive damages.

### Count V: Malicious Prosecution pursuant to 42 U.S.C. §1983 and

### Georgia Code Section 51-7-40

135.    Plaintiff incorporates by reference the allegations in Paragraphs 1 through 119 as if fully stated herein.

136.    Defendant Hester initiated criminal proceedings against Plaintiff by arresting him and swearing out a citation for disorderly conduct, which included knowingly false claims that Plaintiff was intoxicated

137.    Defendant Hester initiated criminal proceedings against Plaintiff by arresting him and swearing out a citation for disorderly conduct, which included as a basis for the arrest that he was cussing, which is not a crime.

138.    Said criminal proceedings were initiated without probable cause or even reasonable suspicion and were motivated by retaliatory animus in response to Plaintiff's exercise of his First Amendment rights.

139.    The prosecution lacked a legitimate basis in law or fact, as Plaintiff had committed no crime, and his speech was constitutionally protected.

140.    Defendant Hester acted with malice in initiating the prosecution and continuing the process to trial.

141.    Defendant Hester acted with malice in initiating the prosecution and not preserving or destroying exculpatory evidence, his body cam video, and continuing the process to trial.

142.    The criminal case proceeded to trial, where Plaintiff was acquitted by a jury, resulting in a favorable termination of the prosecution in Plaintiff's favor.

143.    As a direct and proximate result of the malicious prosecution, Plaintiff suffered damages, including emotional distress, loss of liberty, reputational harm, and legal expenses.

144.    Defendants acted under color of law and in violation of clearly established constitutional rights.

145.    Accordingly, Plaintiff is entitled to compensatory damages for injuries sustained, to include but not limited to lost wages, damage to his reputation, legal fees, costs of defense, mental distress, punitive damages for the malicious and intentional misconduct of the individual Defendants, and attorney's fees pursuant to 42 U.S.C. § 1988 and other applicable law in the amount of $1,000,000 for his loss of freedom.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. An Order declaring that the policy, practice and act of arresting citizens for criticizing police action or inaction is illegal and unconstitutional in violation of the first amendment;

B. An Order declaring that securing a search warrant for a bystanders phone who is not charged with a crime and downloading the entire life of a family is an adverse action and retaliation;

C. An order clearing of the Plaintiff's arrest from his record;

D. Order that the Sheriff's Office and its employees undergo training on the civil and constitutional rights of the citizens that they serve with regard to seizing property and the first amendment.

D. Enter a judgment, in an amount to be determined by the enlightened conscience of the jury, in favor of plaintiff and against defendants on account of damages sustained by plaintiff, to include but not be limited to compensatory damages for all injuries sustained,

punitive damages in an amount to deter similar conduct in the future, and attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law.

E. Such other and further relief as this Court may deem appropriate and the law allows although not specifically pleaded herein, including costs and reasonable attorney fees.

RESPECTFULLY SUBMITTED this 22nd  day of March, 2025.

 /s/ Tanya D. Jeffords
Tanya D. Jeffords, Esq.
GA Bar No. 390055
Kenneth Ratley
GA Bar No. 359246
Attorneys for Defendant

The Law Offices of Tanya D. Jeffords
and Associates, P.C.
437 Walker Street
Augusta, GA 30901
tjeffords@jeffordslaw.com